IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

E. THOMAS SCARBOROUGH, III,

    Plaintiff,

v.

COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, et al.

    Defendants.

CIVIL ACTION
NO. 18-2436

**MEMORANDUM OPINION**

**Schmehl, J.** /s/ JLS                                                                                    June 14, 2019

**I.**     **INTRODUCTION**

Plaintiff's Amended Complaint in this matter sets forth a cause of action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with his state court child custody case. Defendants, the Court of Common Pleas of Northampton County and the Supreme Court of Pennsylvania, now move to dismiss Plaintiff's Amended Complaint. For the reasons that follow, I will grant Defendants' Motion to Dismiss, and dismiss Plaintiff's Amended Complaint with prejudice.

**II.**     **FACTS**

Plaintiff's allegations primarily consist of complaints regarding the handling of his child custody case and the orders that were issued by the Northampton County Court of Common Pleas from 2005 until February of 2016 in his custody matter. Plaintiff claims that venue was improper, that he was deprived of a trial before a judge and that the Court erred in awarding primary physical custody to the mother of his child.

Plaintiff also avers that the Pennsylvania Supreme Court wrongly dismissed and/or

quashed his appeals and refused his attempts to obtain the extraordinary remedy of the exercise of King's Bench power in connection with his child custody case, and that that Court "has failed to assert proper control and authority over the Common Pleas Court of Northampton County and to protect Plaintiff's due process rights." (Cmplt. ¶¶ 65 and 66)

### III.   LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D. Pa. 2007), *quoting Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). As the party asserting that jurisdiction exists, Plaintiff bears the burden of showing that his or her claims are properly before the court. *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

In reviewing a Rule 12(b) (1) motion, a court must determine whether the attack on its jurisdiction is a facial attack or a factual attack. A facial attack challenges the sufficiency of the plaintiff's pleadings on jurisdictional grounds. *Petruska v. Gannon University,* 462 F.3d 294, 302, n. 3 (3d Cir.2006). When considering a facial attack, a court must accept the allegations contained in the plaintiff's complaint as true. *Id.* A factual attack on the court's jurisdiction must be treated differently. *Id.* When considering a factual attack, the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself whether jurisdiction over the plaintiff's claims can be properly exercised. *Mortensen,* 549 F.2d at 891.

## IV. DISCUSSION

In the instant matter, Defendants argue that they are immune from Plaintiff's claims due to the immunity provided to states under the Eleventh Amendment. All states and state entities are entitled to immunity under the Eleventh Amendment. *Lombardo v. Pennsylvania Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008). However, there are two ways that a state may lose this immunity: Congress can explicitly abrogate it in a particular statute, or a state can waive it with regard to a particular statute. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985) ("[I]f a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action."); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) ("Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts.").

Defendants, the Court of Common Pleas of Northampton County and the Supreme Court of Pennsylvania, are both courts of the unified judicial system pursuant to 42 Pa.C.S. §301(1) and (4). Further, the term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system" and "court" includes "any one or more of the judges of the court . . ." 42 Pa. C.S. § 102, *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000). Accordingly, Defendants are state entities that are entitled to immunity under the Eleventh Amendment, unless Pennsylvania has waived immunity or Congress has explicitly abrogated immunity in the statute at issue in this matter.

Plaintiff does not argue that Pennsylvania has waived its immunity. Rather, Plaintiff attempts to circumvent Defendants' immunity by arguing that the Eleventh Amendment does not grant immunity for due process claims under the Fourteenth Amendment. This argument would have merit only if it can be shown that Congress eliminated Eleventh Amendment immunity when it passed the statute under which Plaintiff brings this matter. Therefore, I must determine which statute is at issue before I address whether Congress has in fact abrogated Defendants' immunity in this instance.

Despite his attempts to label it differently, it is clear that Plaintiff is bringing a claim pursuant to section 1983 for alleged violations of his civil rights. The caption of the Amended Complaint clearly states: "Complaint for Violation of Civil Rights (42 U.S.C. Section 1983.) Further, the Amended Complaint contains a lone cause of action described as "Violation of Civil Rights – 42 U.S.C. Section 1983" Am. Compl., ECF numbered p. 3. The Amended Complaint does mention Plaintiff's due process rights several times, but the pleading plainly sets forth a cause of action under section 1983 for alleged constitutional due process violations. The required method of bringing a federal action against Defendants for alleged violation of Plaintiff's due process rights under the Fourteenth Amendment is pursuant to section 1983.[1] His attempts to distinguish the instant action from a section 1983 action are unsuccessful, as all actions for alleged due process violations are brought under section 1983. Congress did not abrogate the Eleventh Amendment when it passed § 1983, *Machon v. Pennsylvania Dep't of Pub. Welfare*, 847 F. Supp. 2d 734, 743–44 (E.D. Pa. 2012); *Quern v. Jordan*, 440 U.S. 332,

---

[1] The United States Supreme Court has repeatedly held that the purpose of section 1983 is to "create[] a species of tort liability in favor of persons who are deprived of rights, privileges or immunities secured to them by the Constitution." *Memphis Community School District v. Stachura*, 477 U.S. 299, 305-306 (1986).

345 (1970), and no court has carved out an exception to this rule for due process claims under the Fourteenth Amendment. *See Burns v. Alexander*, 776 F.Supp.2d 57 (W.D. Pa. Mar. 4, 2011) (finding that § 1983 does not contain language evincing a legislative intent to subject the States to suit for money damages and has not therefore been construed as an abrogation of the States' Eleventh Amendment Immunity in a case where Plaintiff presented claims under the **Due Process Clause** of the Fourteenth Amendment). Accordingly, Defendants' immunity in this case is clear under present law.

The Eleventh Amendment clearly bars § 1983 suits against states and state officials. *Dill v. Com. of Pa.,* 3 F. Supp. 2d 583, 587 (E.D. Pa. 1998); *Jones v. Com. of Pa.*, 2000 WL 15073 (E.D. Pa. 2000) (stating that "[i]t is firmly established . . . that the Eleventh Amendment immunizes a state from claims under § 1983 . . ."). Plaintiff's attempts to distinguish the cases cited by Defendants are unavailing, and it is telling that Plaintiff has failed to cite to a single case holding that due process claims under the Fourteenth Amendment are exempt from Eleventh Amendment immunity. All claims brought under section 1983 are subject to Eleventh Amendment immunity; there is no exception for due process claims under the Fourteenth Amendment. Accordingly, Defendants are entitled to sovereign immunity and cannot be sued by Plaintiff in this matter.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Defendants' motion to dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

5