IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. THOMAS SCARBOROUGH, III, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 18-2436 |
| COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, et al. | |
| Defendants. | |

**<u>MEMORANDUM OPINION</u>**

**Schmehl, J.  /s/ JLS**                                                                                    September 7, 2022

## I.      INTRODUCTION

Plaintiff, E. Thomas Scarborough, III, filed a counseled action in this Court in June of 2018 against the Court of Common Pleas of Northampton County and the Supreme Court of Pennsylvania. In this action, Plaintiff claimed that he and his ex-wife had been litigating a child-custody matter in the Court of Common Pleas of Northampton County for more than a decade. Scarborough alleged that the Court of Common Pleas violated his due-process rights in a variety of ways, including by improperly deferring to recommendations from a master, granting primary physical custody to Scarborough's ex-wife without holding a trial, ruling that Scarborough had agreed to a custody schedule when he had not actually agreed and failing to fully consider his submissions. He also claimed that the Pennsylvania Supreme Court violated his due-process rights by dismissing his appeals. He asserted these claims under 42 U.S.C. § 1983.

On June 14, 2019, this Court dismissed Plaintiff's Complaint, as the two judicial defendants are immune from suit under the Eleventh Amendment. Plaintiff filed a *pro se*

notice of appeal, and the Third Circuit agreed that the Supreme Court of Pennsylvania and the Northampton County Court of Common Pleas are entitled to immunity under the Eleventh Amendment. The Third Circuit denied Plaintiff's petition for rehearing *en banc*, and the United States Supreme Court denied Plaintiff's petition for writ of *certorari*.

Plaintiff then filed a *pro se* document in this Court that he calls a "Motion to Vacate a Judgement Obtained by Fraud on the Court under F.R.C.P. 60(d)(3), for Judicial Notice, for Expedited Discovery, for Preliminary Injunctive Relief, for Partial Summary Judgment and for Leave to File an Amended Complaint" (Docket No. 17). Subsequently, Plaintiff filed a "Motion for Entry of Default Judgment." (Docket No. 19) I directed the judicial defendants to respond to Plaintiff's motions, which they did. Upon review of Plaintiff's motions and construing them liberally as I am required to do for a *pro se* litigant, Plaintiff's motions are denied.

## II.   DISCUSSION

Plaintiff's "Motion and Memorandum" contains the same allegations and complaints raised in his Complaint and Amended Complaint regarding to the handling of his custody matters in the Northampton County Court of Common Pleas. Plaintiff's Motion is somewhat unclear, but it appears that he is asking this Court for reconsideration or to otherwise permit him to file an Amended Complaint in his previously dismissed action, referencing a "mistaken choice of defendant," and referring to "conference officers" and "Northampton County."

Despite this Court's dismissal of his claims based upon sovereign immunity, and the Third Circuit's affirmance of that dismissal, Plaintiff attempts to reopen his case pursuant to Federal Rule of Civil Procedure 60(d)(3), which provides that Rule 60 "does

not limit a court's power to ... set aside a judgment for fraud on the court." However, Plaintiff's Motion, despite being filed in the Eastern District of Pennsylvania, contains allegations regarding a 2005 Court of Common Pleas Custody Order and requests relief in the form of this Court "vacat[ing]" said custody order. Plaintiff's 60(d) motion sets forth no allegations that demonstrate that the Order of this Court that dismissed Plaintiff's claims was obtained through "fraud on the court." Rather, all of Plaintiff's allegations are directed toward vacating a state court custody order due to alleged fraud. Accordingly, Plaintiff's 60(d) motion is denied.

To the extent Plaintiff's motion seeks reconsideration of this Court's dismissal order, it also must fail. The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. See *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677–78 (3d Cir.1999); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court. See *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir.2011); *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002).

In the instant matter, Plaintiff's Motion simply restates the same factual allegations raised in his Complaint, Amended Complaint and other numerous filings, both in this Court and in the Third Circuit. Plaintiff does not identify any clear error of law in this Court's prior decision. Accordingly, if Plaintiff seeks reconsideration, said relief is denied.

Plaintiff's Motion also request judicial notice, expedited discovery, preliminary injunctive relief, partial summary judgment and leave to file an amended complaint. All

these requests are also denied, as there is no current case before the Court in which any of this relief could be granted. Plaintiff's case was dismissed by the Court over three years ago and affirmed by the Third Circuit. There is no active case in this Court through which I could take judicial notice of any facts or grant expedited discovery, grant injunctive relief, grant partial summary judgment or allow the filing of an amended complaint. Rather, the instant motion appears to be an attempt by an unhappy litigant to have the Court revisit his claims, and this I cannot do. Accordingly, Plaintiff's motion is denied.[1]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's pending motions are denied.

---

[1] Plaintiff also filed a "Motion for Entry of Default Final Judgment" in this matter against the judicial defendants. It seems that he is seeking default based upon the defendants' failure to respond to his Motion to Vacate a Judgment. This is procedurally improper however, as the judicial defendants defended this matter in 2018 when Plaintiff filed it and were subsequently dismissed with prejudice. There is no need for the judicial defendants to respond to Plaintiff's Motion to Vacate. Further, a review of the certificate of service accompanying Plaintiff's Motion to Vacate shows that the motion was never served on any of the judicial defendants. Accordingly, Plaintiff's Motion for Default Judgment is also denied.