IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. THOMAS SCARBOROUGH, III, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 18-2436 |
| COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, et al. | |
| Defendants. | |

**MEMORANDUM OPINION**

**Schmehl, J.**   /s/ JLS                                   August 1, 2023

## I.    INTRODUCTION

Plaintiff, E. Thomas Scarborough, III, filed a counseled action in this Court in June of 2018 against the Court of Common Pleas of Northampton County and the Supreme Court of Pennsylvania, claiming that the Court of Common Pleas violated his due process rights in a variety of ways in a child custody matter. He also claimed that the Pennsylvania Supreme Court violated his due process rights by dismissing his appeals. He asserted these claims under 42 U.S.C. § 1983.

On June 14, 2019, this Court dismissed Plaintiff's Complaint, as the two judicial defendants were immune from suit under the Eleventh Amendment. Plaintiff filed a *pro se* notice of appeal, and the Third Circuit agreed that the Supreme Court of Pennsylvania and the Northampton County Court of Common Pleas are entitled to immunity under the Eleventh Amendment. The Third Circuit denied Plaintiff's petition for rehearing *en banc*, and the United States Supreme Court denied Plaintiff's petition for writ of *certorari*.

On December 17, 2021, Plaintiff filed a *pro se* motion in this Court that he called a "Motion to Vacate a Judgement Obtained by Fraud on the Court under F.R.C.P. 60(d)(3), for Judicial Notice, for Expedited Discovery, for Preliminary Injunctive Relief, for Partial Summary Judgment and for Leave to File an Amended Complaint." On September 7, 2022, this Court denied Plaintiff's motion. Thereafter, on September 16, 2022, Plaintiff filed another *pro se* motion that he called a "Motion to Alter or Amend Judgment Under F.R.C.P. 59(e)" (Docket No. 26). After a review of the filings in this matter, Plaintiff's motion will be denied.

II.     **DISCUSSION**

Despite fashioning his latest motion as one seeking to "Alter or Amend" this Court's September 7, 2022, Order on his Rule 60 Motion, Plaintiff's latest motion is in fact yet another recitation of the same allegations and complaints raised in his Amended Complaint, pertaining to the handling of his custody matters in the Northampton County Court of Common Pleas. Despite this Court's dismissal of his claims based upon sovereign immunity, the Third Circuit's affirmance of that dismissal, and this Court's denial of his motion to reopen his case pursuant to F.R.C.P. 60(d)(3), Plaintiff now appears to assert that this Court erred for failing to permit him to file an Amended Complaint against wholly new and different Defendants within this closed case, years after a final judgment was entered.

Under Rule 59 of the Federal Rules of Civil Procedure, a party must satisfy a high standard in order to have a judgment altered or amended. *In North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995), the Third Circuit stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an

intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice. A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion ... to alter or amend judgment." *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir.1985). The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The United States Court of Appeals for the Third Circuit explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted).

*Frazier v. Williams*, 2019 WL 2285764, at *1–2 (W.D. Pa. May 29, 2019), *citing Blystone v. Horn,* 664 F.3d 397, 415-16.

To the extent Plaintiff's Rule 59(e) motion seeks reconsideration of this Court's order denying his motion to reopen, it must fail. A party may not invoke a motion for reconsideration to relitigate matters of disagreement with the court. *See Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir.2011); *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002). Plaintiff's motion fails to set forth an intervening change in controlling law or a manifest error of law or fact in the Court's September 7, 2022, order, nor does it present newly discovered evidence. Rather, Plaintiff's motion simply restates the same factual allegations raised in his Complaint, Amended Complaint and other numerous filings, both in this Court and in the Third Circuit.

Further, Plaintiff's motion is procedurally improper in its apparent attempt to reopen this case and name wholly new and different defendants to a closed case four years after dismissal. Plaintiff first attempted to utilize Rule 60 for this endeavor, and now attempts to utilize Rule 59. This use of Rule 59 is improper. As stated by the Third Circuit:

> We also agree with the First Circuit that a construction of Rule 15(a) which would permit amendment until the end of time is a most implausible one for there could never be an end to a litigation or to the cloud created by a lis pendens. We conclude also that there is some discretionary power in a United States District Court to vacate or set aside a judgment of dismissal within the period of time prescribed by Rule 59(b) and (e), ten days, or by Rule 60(b), one year. To hold otherwise would be to put a plaintiff in the position he was in at common law when a demurrer to his narr had been sustained. We think that the framers of the Rules of Civil Procedure did not contemplate such a result.

*Kelly v. Delaware River Joint Comm'n*, 187 F.2d 93, 94–95 (3d Cir. 1951)(superseded by Rule 15 Amendment only as it pertains to treatment of 12(b)(e), or (f) Motions as responsive pleadings). Accordingly, Plaintiff's motion is denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is denied.